IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN EGGEN and MARY EGGEN,
on behalf of themselves and all others
similarly situated,

                                                     ORDER

                  Plaintiffs,

                                         14-cv-873-bbc

WESTCONSIN CREDIT UNION,

                  Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs Brian Eggen and Mary Eggen have filed an unopposed motion for class certification in this case in which plaintiffs contend that defendant WESTconsin Credit Union violated the Driver's Privacy Protection Act (18 U.S.C. §§ 2721-2725) and the common law of nuisance by disclosing plaintiffs' unredacted driver's license numbers in complaints filed in delinquency actions in small claims court. Plaintiffs seek to represent the following class: "All individuals whose [driver's license numbers] Defendant WESTconsin disclosed in a Wisconsin circuit court filing." (In their complaint, plaintiffs contend that defendant violated their rights by disclosing their Social Security numbers as well, but plaintiffs do not suggest that they want class relief for publication of Social Security numbers, so I assume that plaintiffs have abandoned that issue with respect to anyone other than the named plaintiffs.)

1

For the reasons discussed below, I am granting plaintiffs' motion for class certification. However, I am directing the parties to show cause why the class definition should not be narrowed with respect to time and the type of lawsuit in which defendant allegedly disclosed a driver's license number.

OPINION

Federal Rule of Civil Procedure 23(a) lists four prerequisites to proceeding as a class action: (1) the number of class members is too numerous to make joinder practical; (2) there are questions of law or fact common to the class; (3) the claims and defenses of the named plaintiffs are typical of the rest of the class; and (4) the named plaintiffs and their counsel can adequately represent the interests of the class. In addition, courts have read in "an implicit requirement under Rule 23 that a class must be defined clearly and that membership be defined by objective criteria." Mullins v. Direct Digital, LLC, 795 F.3d 654, 657 (7th Cir. 2015). See also Fed. R. 23(c)(1)(B) ("An order that certifies a class action must define the class."). Finally, the plaintiffs must meet the requirements of at least one of the types of class actions listed in Rule 23(b). In this case, plaintiffs wish to proceed under Fed. R. Civ. P. 23(b)(3), which requires plaintiffs to show that common questions of law or fact "predominate" over individual questions and that a class action is "superior" to other methods of adjudication.

With respect to numerosity, there is a potential problem because plaintiffs do not identify the number of class members. They say the reason is that defendant "resisted

identifying the number of files or affected individuals." Plts.' Br., dkt. #42, at 11. In lieu of providing discovery, defendant has "stipulated" that plaintiffs have met the numerosity requirement. Dkt. #40. However, I have an independent duty to consider whether the requirements of Rule 23 have been met. Davis v. Hutchins, 321 F.3d 641, 648 (7th Cir. 2003) ("Allowing certification by default or because the defendant has admitted that the class exists, with no independent analysis or determination by the district judge," would undermine the purpose of Rule 23 of "protecting absent class members whose rights may be affected by the class certification."). Thus, the parties should have provided whatever information they had to the court.

That being said, I conclude that plaintiffs have provided enough facts to allow me to draw a reasonable inference that they meet Rule 23's numerosity requirement. They allege that defendant provided small consumer loans to its customers throughout Wisconsin and that defendant had a consistent practice of including a customer's driver's license number on a complaint any time defendant sued a customer in Wisconsin courts, suggesting that the number of class members could be too numerous to make joinder practical. However, if the facts show later that defendant disclosed the driver's license numbers of only a few customers, the class may have to be decertified.

With respect to the remaining requirements, I agree with plaintiffs' argument and defendant's implicit concession that class certification is appropriate in this case. In the absence of any objection by defendant regarding potential individualized inquiries in determining liability, it is reasonable to conclude that common questions predominate over

individualized inquiries because plaintiffs allege that defendant had a common practice of publishing the driver's license numbers of anyone it sued for failing to repay a loan.  Further, I have no reason to question the adequacy of class counsel.  Particularly because the damages for individual plaintiffs are likely to be small, a class action seems to be a superior method of resolving the parties' dispute.  Eubank v. Pella Corp., 753 F.3d 718, 719 (7th Cir. 2014) ("The [class action] device is especially important when each claim is too small to justify the expense of a separate suit, so that without a class action there would be no relief, however meritorious the claims.").  Although it is possible that some class members could have varying damages (depending on whether someone's driver's license number was stolen from court records and then used for an improper purpose), it is well established that a class may be certified despite differences in damages among the class members.  Messner v. Northshore University HealthSystem, 669 F.3d 802, 815 (7th Cir. 2012) (collecting cases).

However, I have two concerns about the class definition plaintiffs proposed.  First, plaintiffs put no time limitations on the proposed class, even though I concluded in a previous order that plaintiffs' claims under the Driver's Privacy Protection Act have a four-year statute of limitations under 28 U.S.C. § 1658 and that the continuing violation doctrine did not apply to plaintiffs' claims under the Act.  Dkt. #35.  In addition, plaintiffs do not limit their proposed class to individuals sued to recover unpaid loan balances, even though that is the only type of lawsuit discussed in the complaint and plaintiffs included such a limitation in their original class definition.  Dkt. #1, ¶ 62.  Accordingly, I am directing the parties to show cause why the court should not adopt the following class

definition: "All individuals whose driver's license numbers defendant WESTconsin disclosed on or after December 16, 2010 in an action filed in Wisconsin circuit court to recover unpaid loan balances." Once the issue regarding the class definition is resolved, I will direct the parties to submit a proposed class notice and deadline for opting out of the class.

One final matter requires attention. On December 4, 2015, defendant filed a motion for summary judgment several months in advance of the deadline for doing so. Dkt. #19 (deadline for dispositive motions set at April 1, 2016). Because defendant's motion relates solely to the named plaintiffs' claims and makes no mention of the class, I am denying the motion without prejudice to defendant's refiling it after the class is defined. In light of defendant's concession that class certification is appropriate, it makes little sense to resolve the merits of the named plaintiffs' claims in isolation.

ORDER

IT IS ORDERED that

1. The unopposed motion for class certification filed by plaintiffs Brian Eggen and Mary Eggen, dkt. #41, is GRANTED.

2. In accordance with Fed. R. Civ. P. 23(c)(1)(B) and (g), the law firms of Crandall Law Offices, SC and Consumer Justice Center, P.A. are APPOINTED as class counsel.

3. The parties may have until January 13, 2016, to show cause why the following class definition should not be adopted: "All individuals whose driver's license numbers defendant WESTconsin disclosed on or after December 16, 2010 in an action filed in

Wisconsin circuit court to recover unpaid loan balances." If the parties do not respond by January 13, 2016, I will adopt this class definition.

3. Defendant WESTconsin Credit Union's motion for summary judgment, dkt. #48, is DENIED WITHOUT PREJUDICE to their refiling it to account for other members of the class after the court adopts a class definition.

Entered this 30th day of December, 2015.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge