IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN EGGEN and MARY EGGEN,
on behalf of themselves and all others
similarly situated,

                                                    OPINION and ORDER

                         Plaintiffs,

                                                       14-cv-873-bbc

WESTCONSIN CREDIT UNION,

                         Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiffs Brian Eggen and Mary Eggen are suing defendant WESTconsin Credit
Union under the Driver's Privacy Protection Act (18 U.S.C. §§ 2721-2725), and the
common law of nuisance for disclosing plaintiffs' unredacted driver's license numbers and
Social Security numbers in complaints filed in delinquency actions in small claims court.
Plaintiffs have filed a motion in which they seek to represent the following class under Fed.
R. Civ. P. 23(b)(3): "All individuals whose [driver's license numbers] Defendant
WESTconsin disclosed in a Wisconsin circuit court filing."  (Because plaintiffs' proposed
class definition omits any mention of Social Security numbers, I will assume that plaintiffs
have abandoned that issue with respect to anyone other than the named plaintiffs.)

Plaintiffs filed their motion on November 6, 2015.  Dkt. #41.  Under the court's
briefing schedule, defendant's response brief was due on November 30, 3015.  When nearly

1

two months passed without any response from defendant, I treated the motion as unopposed.

In an order dated December 30, 2015, dkt. #54, I granted plaintiffs' motion after conducting my own analysis under Fed. R. Civ. P. 23. I concluded that the class is sufficiently numerous; the named plaintiffs' claims and defenses are typical of the rest of the class; the named plaintiffs and their counsel can adequately represent the interests of the class; the class was defined clearly; common questions predominate over individual questions; and a class action is superior to other methods of adjudication in light of the small amount of damages involved in any one claim. I stated that, "[i]n the absence of any objection by defendant regarding potential individualized inquiries in determining liability, it is reasonable to conclude that common questions predominate over individualized inquiries because plaintiffs allege that defendant had a common practice of publishing the driver's license numbers of anyone it sued for failing to repay a loan." Dkt. #54 at 4.

I had two concerns about the scope of the class. First, plaintiffs put no time limitations on the proposed class, even though I concluded in a previous order that plaintiffs' claims under the Driver's Privacy Protection Act have a four-year statute of limitations under 28 U.S.C. § 1658 and that the continuing violation doctrine did not apply to plaintiffs' claims under the Act. Dkt. #35. In addition, plaintiffs did not limit their proposed class to individuals sued to recover unpaid loan balances, even though that is the only type of lawsuit discussed in the complaint and plaintiffs included such a limitation in their original class definition. Dkt. #1, ¶ 62. Accordingly, I directed the parties to show cause why the court

should not adopt the following class definition:  "All individuals whose driver's license numbers defendant WESTconsin disclosed on or after December 16, 2010 in an action filed in Wisconsin circuit court to recover unpaid loan balances."

The following day it came to the court's attention that the parties had agreed to an unusually lengthy briefing period, giving defendant until January 20, 2016, to file a response to plaintiffs' motion. Dkt. #38. As a result, I vacated the December 30 order to allow the parties to complete briefing. Dkt. #55. (In the future, if counsel receive a briefing schedule that is at odds with a stipulation, they should notify the court of the discrepancy.)

Now that the court has received an opposition brief and a reply brief, plaintiffs' motion for class certification is ready for review.  I adhere to my original decision and am granting plaintiffs' motion.  Defendant raises several objections to plaintiffs' motion, but most of those objections rely on basic misunderstandings of the case law applying Rule 23. Plaintiff's counsel's professional disciplinary history is a valid concern, but I am persuaded that sufficient time has passed without any new problems to allow Thomas Lyons, Jr. to serve as class counsel.

OPINION

In their reply brief, plaintiffs adopt the class definition proposed in the December 30 order: "All individuals whose driver's license numbers defendant WESTconsin disclosed on or after December 16, 2010 in an action filed in Wisconsin circuit court to recover unpaid loan balances." Because I already concluded that this proposed class satisfied Rule 23, I will

limit my discussion to the objections raised in defendant's opposition brief.

### A.   Differences in Alleged Injuries

Defendant makes several arguments related to alleged differences in plaintiffs' and the other class members' injuries.  First, defendant cites <u>Kohen v. Pacific Investment Management Co. LLC</u>, 571 F. 3d 672, 677 (7th Cir. 2009), for the proposition that "a class should not be certified if it is apparent that it contains a great many persons who have suffered no injury at the hands of the defendant."  Defendant says  class certification should be denied in this case because plaintiffs "have presented no evidence of injury to anyone, including themselves."  Dft.'s Br., dkt. #61, at 5.

Defendant's argument does not make any sense.  The concern in <u>Kohen</u> was with a class definition that swept so broadly it would include individuals who were not affected by the defendant's conduct.  In this case, individuals are included in the class only if defendant published their driver's license numbers, so all class members suffered the same injury. Defendant's point seems to be that plaintiffs have not cited evidence of class members who suffered an injury beyond disclosure, such as identity theft.  However, that type of injury is not required to confer standing for a violation of the Driver's Privacy Protection Act. <u>Graczyk v. West Publishing Co.</u>, 660 F.3d 275, 278 (7th Cir. 2011) (plaintiff has standing to sue under Act if she alleges that defendant obtained, used or disclosed personal information in violation of Act).  In any event, an argument that none of the class members were injured would be an argument for dismissal of the case for lack of subject matter

4

jurisdiction, not an argument that the plaintiff's claims lack any common questions.

Second, defendant makes an alternative argument that "[e]ven if there were injuries suffered by members of the putative class, those injuries likely vary in severity, which would result in differing levels of damages." Dft.'s Br., dkt. #61, at 5. Defendant cites Jamie S. v. Milwaukee Public Schools, 668 F.3d 481, 497 (7th Cir. 2012), for the proposition that plaintiffs cannot satisfy the commonality requirements of Rule 23 by alleging that "each class member suffered a violation of the same provision of law." Rather, "[c]ommonality requires the plaintiffs to demonstrate that the class members have suffered the same injury." Id.

Defendant has misread Jamie S. and the cases cited in that opinion. The requirement that class members must suffer the "same injury" does not mean that they must suffer the same *damages*. The next sentence in Jamie S. explains that the "same injury" means that "[t]he class claims must depend upon a common contention and that common contention, moreover, must be of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." Id. (internal quotations omitted). That test is satisfied in this case because all class members are contending that defendant published their driver's license numbers without a legitimate reason, in violation of the Driver's Privacy Protection Act and the common law of nuisance. Suchanek v. Sturm Foods, Inc., 764 F.3d 750, 756 (7th Cir. 2014) ("Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question.").

Defendant makes a related argument that plaintiffs do not allege that they suffered

any injuries other than disclosure, so they cannot adequately represent class members who may have suffered additional injuries.  Defendant attempts to compare plaintiffs' situation to that of the plaintiffs in <u>Amchem Products, Inc. v. Windsor</u>, 521 U.S. 591, 619 (1997), a case in which the Supreme Court denied class certification to individuals who claimed that the defendant had exposed them to asbestos.  According to defendant, the Court denied certification because "[t]he proposed class in <u>Amchem</u> consisted of currently injured members as well as those who were exposed to future injury," Dft.'s Br., dkt. #61, at 8, which defendant says is similar to the situation of class members in this case whose only injury thus far has been disclosure and class members who have suffered additional injuries.

Defendant's characterization of <u>Amchem</u> is inaccurate.  The Court did not deny certification simply because the class members could recover different damages.  Rather, the differences in damages were only one of many differences described by the Court:

> Class members were exposed to different asbestos-containing products, for different amounts of time, in different ways, and over different periods. Some class members suffer no physical injury or have only asymptomatic pleural changes, while others suffer from lung cancer, disabling asbestosis, or from mesothelioma.... Each has a different history of cigarette smoking, a factor that complicates the causation inquiry. The exposure-only plaintiffs especially share little in common, either with each other or with the presently injured class members. It is unclear whether they will contract asbestos-related disease and, if so, what disease each will suffer. They will also incur different medical expenses because their monitoring and treatment will depend on singular circumstances and individual medical histories.  Differences in state law, the Court of Appeals observed, compound these disparities.

<u>Amchem</u>, 521 U.S. at 624 (internal quotations, alterations and citations omitted).  More generally, the Court stated that the proposed class was not "sufficiently cohesive to warrant adjudication by representation."  <u>Id.</u> at 623.

The complexities involved with asbestos exposure cannot be compared fairly to the relatively simple matter of the disclosure of driver's license numbers.  In short, Amchem is not instructive.

One of the most well established principles in the context of the law of class actions is that plaintiffs do not need uniform damages in order to proceed as a class. Bell v. PNC Bank, National Association, 800 F.3d 360, 379 (7th Cir. 2015) ("The fact that the plaintiffs might require individualized relief or not share all questions in common does not preclude certification of a class."); Messner v. Northshore University HealthSystem, 669 F.3d 802, 815 (7th Cir. 2012) ("It is well established that the presence of individualized questions regarding damages does not prevent certification under Rule 23(b)(3)."); Schleicher v. Wendt, 618 F.3d 679, 685 (7th Cir. 2010) ("The possibility that individual hearings will be required for some plaintiffs to establish damages does not preclude certification.").   If uniform damages were required, class actions involving claims for damages would be nearly impossible.  Butler v. Sears, Roebuck & Co., 727 F.3d 796, 801 (7th Cir. 2013) ("It would drive a stake through the heart of the class action device, in cases in which damages were sought rather than an injunction or a declaratory judgment, to require that every member of the class have identical damages.").

Defendant ignores all of this case law and relies instead on Comcast Corp. v. Behrend, 133 S. Ct. 1426 (2013), for the proposition that "class certification is inappropriate in cases where, as here, the determination of damages for each class member necessarily requires individualized analysis." Dft.'s Br., dkt. #61, at 13.  Defendant also quotes a passage from

Espenscheid v. DirectSat USA, LLC, 705 F.3d 770, 773 (7th Cir. 2013), to argue that a class should not be certified unless "it appear[s] that the calculation of monetary relief will be mechanical, formulaic, a task not for a trier of fact but for a computer program."

Defendant's reliance on both of these cases is misplaced.  The Court of Appeals for the Seventh Circuit has rejected the view that Comcast requires the plaintiffs to show that "their claimed damages are not disparate."  In re IKO Roofing Shingle Products Liability Litigation, 757 F.3d 599, 602 (7th Cir. 2014).  Rather, "Comcast holds that a damages suit cannot be certified to proceed as a class action unless the damages sought are the result of the class-wide injury that the suit alleges."  Butler, 727 F.3d at 799.  Again, that test is satisfied in this case because plaintiffs allege that all class members suffered the same injury, public disclosure of their personal information.

The statement quoted from Espenscheid has no bearing on this case.  To begin with, the quoted language was taken from another case, Johnson v. Meriter Health Services Employee Retirement Plan, 702 F.3d 364, 372 (7th Cir. 2012), that involved a proposed class under Rule 23(b)(2), not Rule 23(b)(3).  Because Rule 23(b)(2) relates primarily to classes for injunctive or declaratory relief, damages can be awarded under that rule only if they are "purely incidental" to the injunction or declaration.  Johnson, 702 F.3d at 372.  Thus, language regarding the requirements for a Rule 23(b)(2) are not instructive in a Rule 23(b)(3) class such as this one.  In Espenscheid, 705 F.3d at 773, the court quoted Johnson in identifying one way that damages can be obtained in a class action, but the court did not incorporate the requirements of Rule 23(b)(2) into Rule 23(b)(3).  Rather, the court

8

affirmed a denial of class certification in <u>Espenscheid</u> because "determin[ing] damages would . . . require 2341 separate evidentiary hearings" and the plaintiffs had not come up with a feasible way for doing that.  <u>Id.</u>

Defendant has cited no evidence that the claims in this case will face similar challenges.  By defendant's own assertion, few class members are likely to have suffered harm beyond the disclosure itself.  Defendant has not identified any reason why it would be unduly onerous to calculate the damages of the relatively few who suffered from identity theft or a similar problem.  In the unlikely event that damages determinations become too difficult to manage, the class may be decertified after determining liability to allow the plaintiffs to pursue individual damage claims.  <u>Carnegie v. Household International, Inc.</u>, 376 F.3d 656, 661 (7th Cir. 2004).

## B.  <u>Differences in Claims</u>

Defendant says that plaintiffs' claims may not be typical of other class members' claims because of differences in the ways that defendant may have obtained driver's license information from the class members.  Although defendant says that it obtained plaintiffs' driver's license numbers from the plaintiffs themselves, it may have obtained other class members' numbers from the Department of Motor Vehicles.  In that situation, the class member could have a claim against the department under 18 U.S.C. § 2721(a), but plaintiffs are not seeking to bring any claims under that statute.

This is another odd argument.  I am not aware of any authority in which a court has

held that a class may not be certified unless the plaintiffs seek to bring every potential cause of action against every potential defendant.  Obviously, if a potential class member believes that he or she could raise other claims against other defendants, that class member is free to bring a separate lawsuit.

Defendant cites Gustafson v. Polk County, Wisconsin, 226 F.R.D. 601 (W.D. Wis. 2005), and Landsman & Funk, P.C. v. Lorman Business Center, Inc., No. 08-cv-481-bbc, 2009 WL 602019 (W.D. Wis. Mar. 9, 2009), but neither case supports defendant's argument.  In Gustafson, 226 F.R.D. at 606, I denied a motion for class certification with respect to claims involving allegedly unconstitutional strip searches because the plaintiffs failed to show that the strip searches were conducted under a uniform policy.  In Landsman & Funk, 2009 WL 602019, at *8, I denied a motion for class certification with respect to claims involving unwanted faxes because deciding the merits "would require individual fact intensive inquiries that would make class wide decisions impractical."  In neither case did I conclude that plaintiffs must raise all potential causes of action that any class member might be entitled to bring.

In any event, defendant does not cite any evidence that it obtained any driver's license numbers from the Department of Motor Vehicles.  Because defendant should know better than anyone where it obtained that information, defendant's silence on that issue is telling.  It would make no sense to deny a motion for class certification for a particular issue without some indication that the issue will actually present a problem in the case.  CE Design Ltd. v. King Architectural Metals, Inc., 637 F.3d 721, 728 (7th Cir. 2011) ("Serious

challenges to typicality and adequacy must be distinguished from petty issues manufactured by defendants to distract the judge from his or her proper focus under Rule 23(a)(3) and (4) on the interests of the class.").

Defendant includes one sentence in its briefs in which it says that the court may have to consider the individual question "whether the proposed class member gave permission for the use of his or her driver's license information."  Dft.'s Br., dkt. #61 at 7.  However, defendant does not develop this argument, much less cite any evidence that it ever obtained consent from consumers to include their driver's license numbers on small claims complaints filed against those consumers.  Accordingly, I decline to consider that issue.


C. Adequacy of Class Counsel

Defendant's last objection relates to Fed. R. Civ. P. 23(g)(1)(B), under which a court may deny a motion for class certification if class counsel's past conduct "demonstrate[s] a lack of integrity" or shows that they will not "act as conscientious fiduciaries of the class." Creative Montessori Learning Centers v. Ashford Gear LLC, 662 F.3d 913, 918 (7th Cir. 2011).  Defendant says that Thomas Lyons, Jr. and Eric Crandall "may not be capable of fairly representing the class" as a result of professional discipline that they have received. Dft.'s Br., dkt. #61, at 8.

With respect to Crandall, defendant cites In re Disciplinary Proceedings Against Crandall, 2015 WI 111, 365 Wis. 2d 682, 872 N.W.2d 649, in which the Wisconsin Supreme Court publicly reprimanded Crandall for failing to promptly notify multiple clients

11

that his license had been suspended and for failing to cooperate with an investigation into his alleged misconduct.  In the decision, the court noted other instances of discipline in the past for issues such as neglecting clients, filing frivolous claims, engaging in dishonest conduct and failing to hold advance fees in trust.  Id. at ¶¶ 4-7.

With respect to Lyons, defendant cites In re Disciplinary Action Against Lyons, 780 N.W.2d 629 (Minn. 2010), in which the Minnesota Supreme Court suspended Lyons from practicing law for failing to disclose his client's death during settlement negotiations.  In the opinion, the court noted that it had disciplined Lyons on seven previous occasions for making material misrepresentations, prosecuting frivolous claims and failing to follow appropriate procedure.  Id. at 631.

Plaintiffs provide different responses as to each lawyer.  With respect to Crandall, plaintiffs say that they "did not seek appointment of attorney Crandall as class counsel." Plts.' Br., dkt. #64, at 10.  I construe that statement as a representation that Crandall will not be engaging in any work on behalf of the class.  Accordingly, in the future, the court will disregard any filings on behalf of the class if Crandall's name appears on the filing.

With respect to Lyons, plaintiffs say that Lyons has since been reinstated to practice and that he has represented "numerous consumer classes" since then.  Plts.' Br., dkt. #64, at 11.  Plaintiffs do not say when Lyons was reinstated, but in my own research I discovered that Lyons was reinstated in 2011.  In re Reinstatement of Lyons, 808 N.W.2d 585 (Minn. 2011).  Lyons's curriculum vitae shows that he has been approved as class counsel in approximately 20 cases since 2011.  Dkt. #44-1.

Lyons's past misconduct was serious, but I am not persuaded that it prevents him from serving as class counsel in this case.  Defendant does not point to any instances since 2010 when Lyons was disciplined by any court.  Because plaintiff has been acting as class counsel without any known incidents for several years, I see no reason to deny his request to serve as class counsel in this case either.

### E.   Summary Judgment Motion

Several weeks after plaintiffs filed their motion for class certification, defendant filed a motion for summary judgment, dkt. #48, but it is not clear why.  Defendant's deadline for filing dispositive motions is not until April 1, 2016.  Dkt. #19.  Even more important, a review of defendant's motion suggests that many of the issues defendant is raising would apply to the whole class, not just the named plaintiffs.  Now that the class is being certified, I cannot resolve the merits of any class claims until the members of the class have notice and an opportunity to opt out.  Accordingly, I am denying the motion without prejudice to defendant's renewing the motion after the notice process is complete.

### ORDER

IT IS ORDERED that

1.  The motion for class certification filed by plaintiffs Brian Eggen and Mary Eggen, dkt. #41, is GRANTED.

2.  Pursuant to Fed. R. Civ. P. 23(c)(1)(B), the class is defined as follows: "All

13

individuals whose driver's license numbers defendant WESTconsin disclosed on or after December 16, 2010 in an action filed in Wisconsin circuit court to recover unpaid loan balances."

3.  Pursuant to Fed. R. Civ. P. 23(g), Thomas John Lyons, Jr. is APPOINTED as class counsel.

4.  Pursuant to Fed. R. Civ. P. 23(c)(2), plaintiffs are directed to prepare a proposed notice to all members of the class for the court's approval.  Plaintiff may have until March 14, 2016, in which to submit a proposed notice to defendant.  By March 21, 2016, the parties must file a joint agreed notice, or, if they cannot agree, plaintiffs should submit their proposed notice and defendant should submit its objections to that notice.

5.  Defendant WESTconsin Credit Union's motion for summary judgment, dkt. #48, is DENIED without prejudice to renewing it after the class receives notice and an opportunity to opt out.  Because notice will not be complete before the April 1, 2016 deadline for filing dispositive motions, that deadline is EXTENDED to June 1, 2016.

Entered this 26th day of February, 2016.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

14