IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN EGGEN and MARY EGGEN,
on behalf of themselves and all others
similarly situated,

                                                   ORDER

            Plaintiffs,

                                                   14-cv-873-bbc

WESTCONSIN CREDIT UNION,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In an order dated February 26, 2016, dkt. #69, I granted the motion for class certification filed by plaintiffs Brian Eggen and Mary Eggen. Now the parties have responded to the court's order to prepare a class notice that meets all the requirements of Fed. R. Civ. P. 23(c)(2)(B). The parties could not agree on the content of a notice, so both sides submitted their own notice. Dkt. ##72 and 74.

      Unfortunately, the parties did not identify the differences between the two notices or attempt to justify their own versions. However, in my review, the only important difference seems to be the language about defendant WESTconsin Credit Union. Plaintiffs' proposed notice states: "Defendant while admitting that it did publish all of the class members driver's license numbers in the court filings, and has taken no steps to seal these records to date, denies all liability." Dkt. #72. Defendant's proposed notice states:

"Defendant denies liability on the basis that the DPPA does not apply and, alternatively, that the disclosure of the driver's license numbers was permissible under the DPPA." Dkt. #74. (Earlier in the notice, "DPPA" is defined to mean the Driver's Privacy Protection Act.)

Generally, a party should be entitled to summarize its own position. Because I see no problems with defendant's summary, I am directing plaintiffs to use defendant's language instead.

I have reviewed the remainder of plaintiffs' proposed notice and conclude that it provides the minimum notice necessary to comply with Fed. R. Civ. P. 23(c)(2)(B). In addition, I am satisfied with plaintiffs' explanation of the efforts they took to locate all potential class members. Accordingly, I am approving plaintiffs' proposed notice with the change identified above. The date in the notice for opting out of the class should be 45 days from the date the notice is sent.

ORDER

IT IS ORDERED that the class notice is APPROVED as described in this order.

Entered this 4th day of April, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge