IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

BRIAN EGGEN and MARY EGGEN,
on behalf of themselves and all others
similarly situated,

                                                     ORDER

                    Plaintiffs,
                                                     14-cv-873-bbc

WESTCONSIN CREDIT UNION,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        This is a certified class action brought under the Driver's Privacy Protection Act.

Plaintiffs Brian Eggen and Mary Eggen contend that defendant WESTconsin Credit Union

violated the Act by including driver's license numbers in unsealed and unredacted court

documents.  Defendant has filed what it calls a "motion to bifurcate and stay plaintiffs' claim

for punitive damages."  Dkt. #75.  The motion is more accurately called a request for a

protective order because defendant is asking for a "stay [of] discovery relating to the issue

of punitive damages until after motions for summary judgment are decided."  Dkt. #76 at

5.  In particular, defendant asks the court to delay both the noticed deposition of Jerlyn

Kinderman (defendant's chief financial officer) and the deadline for responding to Request

Nos. 22 through 31 of plaintiffs' third request for production of documents.

        Defendant argues that a stay is appropriate because the requested discovery relates

solely to defendant's financial status, which is both confidential and irrelevant to the liability issues that it will be raising in its motion for summary judgment.  Defendant relies on Uebelacker v. Paula Allen Holdings, Inc., No. 06-C-316-C, 2006 WL 6021169, at *1 (W.D. Wis. Jan. 3, 2006), in which Magistrate Judge Stephen Crocker granted a request to stay discovery on a defendant's financial status for the same reasons.

Plaintiffs do not deny that the discovery at issue relates solely to defendant's financial status and they do not argue that they need any information regarding defendant's financial status for the purpose of summary judgment.  Although they say that they would like the information for the purpose of determining an appropriate settlement offer, they cite no authority for the view that they are entitled to the discovery for that reason.

A more valid concern is potential prejudice to plaintiffs as a result of a delay in receiving the information.  Although defendant has an interest in keeping its financial information private until it becomes relevant to the case, defendant's interest should not outweigh plaintiffs' ability to prepare for trial.  Assuming that defendant files its motion for summary judgment around the deadline (June 1, 2016), the motion will not be fully briefed until late June or early July.  Because trial is scheduled for September 19, 2016, dkt. #19, this leaves little time for additional discovery, even if the court decides the motion promptly.

Accordingly, I will follow the court's ruling in Uebelacker, but with some caveats.  First, although defendant does not have to provide information about its financial status until any summary judgment motions are resolved, defendant must raise any objections to plaintiff's requests for production of documents now.  This will help to minimize any delays

2

and allow any disputes about the scope of the requests to be resolved well before trial. Second, defendant should be prepared to turn over any responsive documents as soon as the court rules on the summary judgment motion.  Third, defendant should be prepared to make its chief financial officer available for a deposition within two weeks of the summary judgment decision, unless the case is dismissed in full at that time.

To the extent that defendant is seeking to bifurcate liability and damages at trial, the parties should know that it is this court's general practice to do that.  However, it is unnecessary to resolve that issue now.  If either side has an opinion regarding bifurcation, that issue may be included in a motion in limine.


ORDER

IT IS ORDERED that defendant WESTconsin Credit Union's motion to "bifurcate and stay plaintiffs' claim for punitive damages," dkt. #75, is GRANTED IN PART and DENIED IN PART.  Defendant may have until May 16, 2016, to serve plaintiffs Brian Eggen and Mary Eggen with any objections to Request Nos. 22 through 31 of plaintiffs' third request for production of documents.  If the case is not resolved on summary judgment, defendant may have seven days from the date of the summary judgment decision to comply with those requests in the absence of a sustained objection.  In addition, defendant must

make defendant Jerlyn Kinderman available to sit for a deposition within 14 days of the decision.

Entered this 6th day of May, 2016.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge

4